UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER V. MARINI, | : |
|     Plaintiff, | : |
| | : |
| v. | :   3:11-cv-00331 (JAM) |
| | : |
| COSTCO WHOLESALE CORPORATION, | : |
|     Defendant. | : |

**RULING DENYING MOTION FOR RECONSIDERATION**

Defendant's motion for reconsideration of the Court's ruling with respect to plaintiff's breach of contract claim is denied, because defendant has fallen well short of demonstrating any clear error or manifest injustice that will result from adherence to the Court's prior ruling. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

I cannot agree with defendant's argument that the Costco Employee Agreement does not give rise to contract rights obliging defendant to meaningfully address co-worker harassment of its employees. For reasons I have explained, the Agreement quite explicitly confers mandatory protections above and beyond legally prohibited harassing conduct. *See Marini v. Costco Wholesale Corp.*, __ F. Supp. 3d __, 2014 WL 6772287, at *7–9 (D. Conn. 2014).

I reject defendant's contention that plaintiff did not properly plead or abandoned this theory of contract relief. Paragraph 76(l) of the complaint (Doc. #37 at 13) alleges that defendant breached its Employee Agreement "by failing to meaningfully address the illegal harassment or conduct that was offensive or otherwise inappropriate to him in the work environment." These words extend beyond "illegal harassment" to additional "conduct that was offensive or otherwise inappropriate to [plaintiff] in the work environment." The language tracks the obligation that Costco assumed under the Agreement that "'appropriate corrective action will be taken, regardless of whether the inappropriate conduct rises to the level of any violation of law.'" 2014 WL 6772287, at *8 (quoting Employee Agreement, § 2.2).

Defendant argues that "[t]he Court's Ruling effectively holds that any employer who complies with Title VII and the EEOC's guidelines by its handbook policies creates a breach of contract claim and/or implied breach of contract claim for any breach of those policies." Doc. #130-5 at 12. This is not so. Costco was free to—but failed to—include language in its "Employee Agreement" either disclaiming its creation of any contract rights or disclaiming its creation of any obligations to employees beyond those imposed by background law. *See generally Gaudio v. Griffin Health Servs. Corp.*, 249 Conn. 523, 535–37, 733 A.2d 197 (1999) (discussing how employers may draft employee manuals to avoid giving rise to contractual obligations).

Costco misplaces its reliance on *Peralta v. Cendant Corp*, 123 F. Supp. 2d 65 (D. Conn. 2000), in which Judge Arterton interpreted an "anti-harassment policy . . . [that] does not indicate that defendant is undertaking any contractual obligations towards the plaintiff" but "rather, it obliges [the defendant] to comply with federal and state anti-discrimination laws, and to undertake an investigation upon receiving complaints of discrimination and/or harassment." *Id.* at 83. Here, by contrast, Costco decided to call its policy an "Employee Agreement," to add mandatory language committing the company to exceed the protections conferred by background law, and then to require each employee to sign it. *Cendant* is obviously distinguishable. Even farther afield is defendant's reliance on Judge Eginton's decision in *Pecoraro v. New Haven Register*, 344 F. Supp. 2d 840, 843–44 (D. Conn. 2004), a case in which there was not even a document relied upon as a source of an employee's contractual rights.

Lastly, defendant relies on *Williams v. Costco Wholesale Corp.*, 2012 WL 762133 (N.J. Super. Ct. App. Div. 2012) (*per curiam*), a case from New Jersey involving defendant's own Employee Agreement. The *Williams* case is thinly reasoned and unpersuasive. Without undertaking any examination of the actual language of Costco's Employee Agreement, it summarily concludes that "[s]uch statements of policy have been held insufficient to support a

2

breach of contract claim." *Id.* at *12. More telling still, *Williams* then cites a Third Circuit case, *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296 (3d Cir. 2004), that does not even support the result reached in *Williams*, because the Third Circuit there recognized that "[i]n certain circumstances, a company's employment manual contractually can bind the company notwithstanding its inclusion of a disclaimer of a creation of enforceable rights" and that "[i]n order not to create a binding obligation on the company, the language in the manual 'must be such that no one could reasonably have thought it was intended to create legally binding obligations.'" *Id.* at 308 (quoting *Geldreich v. Am. Cyanamid Co.*, 299 N.J. Super. 478, 485, 691 A.2d 423 (App. Div. 1997)). Here, for reasons evident from my prior ruling, a reasonable employee could well have believed the language of the Costco Employee Agreement—which does not even include a rights disclaimer—to create legally binding obligations. *See Gaudio*, 249 Conn. at 537 (concluding after analysis of specific provisions of employee manual that "the defendant in this case promised to hold itself to more rigorous standards" than applicable under background employment law).

Costco further argues that there is no genuine issue of fact of damages from its breach of its Employee Agreement. Plaintiff's opposition memorandum amply refutes this claim to show that at least a genuine fact issue remains for trial as to damages. Doc. #133 at 4–6; *see also Peluso v. Mark Travel Corp.*, 2011 WL 1468359, at *3 (Conn. Super. 2011) (discussing when emotional distress and other non-economic damages may be recoverable for breach of contract claim).

Defendant complains that the Court's ruling "punishes Costco, and other employers, for complying with the law." Doc. #130-5 at 12. To the contrary, the Court's ruling recognizes that defendant is bound by the terms of a contract that it drafted and that it unilaterally imposes upon its tens of thousands of employees. The least that an employee might expect is that Costco will live up to its words and promises. And the least that courts might expect is that a company that

3

calls a document an "agreement"—here, an "Employee Agreement"—and that fails to include a legal-rights disclaimer will understand and not be surprised to learn that the document creates obligations contractual in nature.

## Conclusion

For the reasons set forth above, defendant's motion for reconsideration (Doc. #130) is hereby DENIED.

It is so ordered.

Dated at Bridgeport this 13th day of March 2015.

/s/ ***Jeffrey Alker Meyer***\
Jeffrey Alker Meyer\
United States District Judge
